**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR-14-865-1-PHX-DJH (DKD) |
| | ) | |
| Plaintiff, | ) | **ORDER OF DETENTION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Ramon Llamas, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In accordance with Title 18 U.S.C. § 3142 of the Bail Reform Act, a detention hearing was held in the above-captioned matter. The Court finds that the Government has established: (Check one or both, as applicable)

☐ by clear and convincing evidence, Defendant is a danger to the community and shall be detained pending trial.

☒ by a preponderance of the evidence, Defendant is a serious flight risk and shall be detained pending trial.

**PART I -- FINDINGS OF FACT**

☒ (1) There is probable cause to believe that Defendant has committed the following:

☒ three offenses, each of which carries a maximum term of imprisonment of ten years or more, prescribed in 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii) (Count 1)

(Conspiracy to Possess with Intent to Distribute Methamphetamine); 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(vii) (Count 2) (Conspiracy to Possess with Intent to Distribute Marijuana); and 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count 3) (Possession with Intent to Distribute Marijuana.

☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☐ an offense involving a minor victim prescribed in _____.

☒ (2) Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings if released.

**Alternative Findings**

☒ (1) Alternatively, there is a serious risk that Defendant will flee and no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings.

☐ (2) No condition or combination of conditions will reasonably assure the safety of the community or others if Defendant were released from detention.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐    (4) _____

**PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION**
(Check one or both, as applicable)

☐ (1) The Court finds that credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:

_____

☒ (2) The Court finds by a preponderance of the evidence as to risk of flight that:

☐ Defendant has no significant contacts in the District of Arizona;

☐ Defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance;

☐ Defendant has a prior criminal history;

☐ Defendant has a record of failure(s) to appear in court as ordered;

☐ Defendant attempted to evade law enforcement contact by fleeing from law enforcement;

☒ According to the Government, Defendant is facing a minimum mandatory of ten years' imprisonment and a maximum of life, if convicted. The Government alleges that if he goes to trial and loses, the safety valve would not apply to him because he was a leader-organizer and his estimated Guideline sentence would be 188 to 235 months in BOP;

☐ Defendant does not dispute the information contained in the Pretrial Services Report, and all supplements, if any, except:

_____

☒     In addition:
1. Defendant is a lawful permanent resident who faces deportation to Mexico if convicted of the crimes charged; 2. Defendant, age 52, has significant ties to both Mexico (his 3 sisters and mother) and the U.S.; 3. Defendant has significant credit card debt and no equity in his residence to reduce his incentive to flee; 4. the Government has a very strong case against Defendant, which includes wiretap conversations of Defendant, and a conviction

- 3 -

1 is highly likely. Defendant is likely motivated to flee a significant prison sentence.
2 *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) ("[T]he defendants are
3 charged with multiple counts, and it is reasonable, from their perspective, to look at the
4 potential maximum sentences they face if they were found guilty on each count and
5 sentenced consecutively on each count. . . Facing the much graver penalties possible
6 under the present indictment, the defendants have an even greater incentive to consider
7 flight")

8 The Court incorporates by reference the findings of the Pretrial Services report and
9 all supplements, if any, which were reviewed by the Court at or before the time of the
10 hearing in this matter.

11 **PART III -- DIRECTIONS REGARDING DETENTION**

12 **IT IS ORDERED** that Defendant is hereby committed to the custody of the
13 Attorney General or his/her designated representative for confinement in a corrections
14 facility separate, to the extent practicable, from persons awaiting or serving sentences or
15 being held in custody pending appeal. 18 U.S.C. § 3142(i)(2). Defendant shall be afforded
16 a reasonable opportunity for private consultation with defense counsel. 18 U.S.C. § 3142
17 (i)(3). Upon order of a court of the United States or request of an attorney for the Govern-
18 ment, the person in charge of the corrections facility shall deliver Defendant to the United
19 States Marshal Service for the purpose of an appearance in connection with a court
20 proceeding. 18 U.S.C. § 3142(i)(4).

21 **PART IV -- APPEALS AND THIRD PARTY RELEASE**

22 **IT IS FURTHER ORDERED** that should a review of this detention order be
23 filed pursuant to 18 U.S.C. § 3145, it is the responsibility of the movant's attorney to
24 deliver a copy of the motion for review to U.S. Pretrial Services, at least, one day prior to
25 the review hearing set before the assigned District Judge. Pursuant to Rule 59(a), Fed.R.
26 Crim.P. (2010), a party seeking review shall have **fourteen (14) days** to file a motion for
27 review after being served with a copy of this written order, after the oral order is stated on
28 the record, or at some other time the assigned District Judge may set. Failure to timely file

a motion for review in accordance with Rule 59(a) may waive the right to review. Rule 59(a), Fed.R.Crim.P.

**IT IS FURTHER ORDERED** that the issue of detention may be reopened at any time before trial upon a finding that information exists that was not known to the movant at the time of the detention hearing and such information has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. Title 18 U.S.C. § 3142(f).

DATED this 29th day of July, 2014.

Lawrence O. Anderson
United States Magistrate Judge